1
LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
2
633 West Fifth Street, 28th Floor
Los Angeles, California 90017
3
Telephone: (213) 624-2900
Facsimile: (213) 624-2901
4
Email: cjg@christiangarris.com

5
Attorneys for Plaintiff

6

7

8
## UNITED STATES DISTRICT COURT

9
## CENTRAL DISTRICT OF CALIFORNIA

10

11
SUSAN SALYERS, an individual,

Plaintiff,
12

13
vs.

14
METROPOLITAN          LIFE
INSURANCE COMPANY and DOES
15
1-10, inclusive,

16
Defendants.

Case No. 2:14-CV-07490

**COMPLAINT FOR:**

**BREACH OF PLAN (RECOVERY OF PLAN BENEFITS)**

17

18
   1.    Plaintiff SUSAN SALYERS ("Plaintiff") complains and alleges:

19

20
## INTRODUCTORY ALLEGATIONS

21
   2.    This Court's jurisdiction is invoked pursuant to 29 U.S.C. § 1132(e).

22
Plaintiff's claims arise under the Employee Retirement Income Security Act of

23
1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Alternatively, Plaintiff's claims arise

24
in part under ERISA and in part under state law claims falling within the pendent

25
or supplemental jurisdiction of this Court, deriving from a common nucleus of

26
operative facts.

27
   3.    Venue is properly within the Central District of California pursuant to

28
29 U.S.C. § 1132(e)(2), because the acts complained of have occurred within this

1    District, because Defendant resides in or may be found within this district, and

2    because the ends of justice so require.

3         4.    This action seeks damages for the denial of life insurance benefits

4    under group life insurance coverage ("the Plan") established by Plaintiff's

5    employer, Providence Health & Services, ("Providence"), and funded and

6    administered by Metropolitan Life Insurance Company ("Defendant" or

7    "MetLife").

8         5.    Plaintiff seeks benefits, attorneys' fees and costs, and other

9    appropriate relief for the improper, erroneous and illegal denial of benefits owed

10   to Plaintiff, a participant and beneficiary of the Plan.

11

12            **THE PARTIES AND THEIR RELATIONSHIPS**

13        6.    Plaintiff is, and at all times herein mentioned was, a resident and

14   citizen of the State of California.  At all relevant times, Plaintiff was a participant

15   and beneficiary of the Plan.  Gary Wolk ("Gary") was Plaintiff's husband.

16        7.    At all relevant times, the Plan was a group benefit plan that provided

17   Plaintiff with life insurance protection for herself and her husband.  Plaintiff was

18   an employee of Providence and was enrolled at all relevant times in the Plan.

19        8.    The Plan that is the subject of this action is and was an employee

20   welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) sponsored by and

21   established by Providence for the purpose of providing peace of mind and security

22   to its participants in the event that, among other things, a participant or

23   beneficiary of the Plan should suffer a compensable loss under the coverage

24   issued by Defendant.

25        9.    Metropolitan Life Insurance Company is an insurance company

26   authorized and licensed to conduct, and is indeed conducting, the business of

27   insurance in the State of California.  Plaintiff is informed and believes, and

28   thereon alleges, that MetLife is a corporation domiciled in the State of New York.

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90017
tel 213.624.2900
fax 213.624.2901

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90017
tel 213.624.2900
fax 213.624.2901

1

2 **FACTUAL BACKGROUND**

3     10.   Plaintiff was employed by Providence.

4     11.   The life insurance Plan established by Providence was funded and

5 administered by Defendant MetLife, Plan Number 121359.

6     12.   Plaintiff personally paid all premiums due for the coverage under the

7 Plan.

8     13.   On or about August 15, 2013, Plaintiff completed and submitted to the

9 Plan her benefit selections for 2013.  The form does not include a selection for the

10 basic life insurance, only for the *supplemental* life insurance for which Plaintiff

11 selected an additional $20,000 for herself and her spouse, Gary.  This document

12 does not indicate the *total* amount of life insurance for the employee or his or her

13 spouse.

14     14.   The Plan and MetLife began deducting from Plaintiff's check

15 premiums for $500,000 in total life coverage for Gary at the rate of $2,015 per

16 year.  Plaintiff called the Plan and Defendants and asked if she could reduce her

17 coverage on Gary from $500,000 down to $250,000.  The Plan and Defendants

18 told Plaintiff that she could not alter the amount of coverage until the next

19 enrollment period in August 2014.

20     15.   On or about January 10, 2014, Plaintiff's husband Gary died.  The Los

21 Angeles County Coroner listed the cause of death as "hypertensive heart disease."

22 Neither Defendants nor the Plan ever notified Plaintiff prior to Gary's death that

23 the coverage for Gary was anything other than $500,000 or that any further

24 information was needed from Plaintiff or Gary.

25     16.   On or about January 15, 2014, the Plan wrote to Plaintiff stating that

26 there was $250,000 in coverage on the life of Gary.

27     17.   On or about January 15, 2014, the Plan acknowledged notice of the

28 claim for the death of Gary.

18.   On or about February 14, 2014, MetLife wrote to Plaintiff, advising that $25,327.00 had been paid as a death benefit into a MetLife account.

19.   On or about February 27, 2014, Plaintiff's counsel wrote to Defendants regarding the claim.

20.   On or about April 22, 2014, Medora Marisseau on behalf of MetLife wrote that Plaintiff had selected $250,000 in life insurance coverage for Gary for 2014, but that $500,000 in life insurance had been issued to Gary and that premiums for that amount had been charged to Plaintiff.   No premiums were refunded prior to Gary's death.   Marisseau stated that MetLife would only pay $20,000 in death benefits.   Despite ERISA's regulations to the contrary, Marisseau did not provide the required deadline for appealing this decision.

21.   On or about April 23, 2014, Plaintiff submitted the claim form to MetLife.

22.   On or about July 15, 2014, Plaintiff appealed the denial of the claim. Plaintiff explained that she sought payment of her life insurance claim against MetLife in the amount of $500,000 for the death of her husband.   Plaintiff was charged premiums commensurate with this level of coverage. Plaintiff had originally planned to have a lower amount of coverage, so she called the company to see if she could reduce her coverage from $500,00 to $250,000 on her husband. When she called, she was told that she had to wait until the next open enrollment to alter her coverage from the $500,000 death benefit.   Her husband died before the next open enrollment.   Plaintiff never received a copy of the policy, certificate of coverage, or summary plan description.

23.   Neither MetLife nor the Plan ever asked for any additional information regarding the coverage on Gary until after his death.

24.   On or about August 1, 2014, MetLife wrote to Plaintiff's counsel that MetLife did issue $500,000 in life insurance to Gary and that "it appears that Ms. Salyers did detrimentally rely on having Dependent Life Insurance greater than

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90017
tel 213.624.2900
fax 213.624.2901

1   $30,000." MetLife then stated that MetLife had paid $30,000 on the claim even

2   though only $25,327 had been paid. MetLife stated that an appeal could be filed

3   within 60 days.

4        25.   On or about August 12, 2014, Plaintiff appealed the denial,

5   referencing the July 15, 2014, letter.

6        26.   On or about August 22, 2014, Tim Copperwheat of MetLife wrote to

7   Plaintiff's counsel that MetLife did issue $500,000 in life insurance to Gary and

8   that "it appears that Ms. Salyers did detrimentally rely on having Dependent Life

9   Insurance greater than $30,000." He then stated that MetLife had paid $30,000 on

10  the claim even though only $25,327 had been paid.

11       27.   Defendants failed at any time prior to the loss to communicate to

12  Plaintiff that the $500,000 had not been issued, that an additional form or

13  application would need to be completed, or that any further documentation would

14  be required from Plaintiff.

15       28.   At all relevant times, Plaintiff received a paycheck that showed a

16  deduction for the life insurance coverage at a rate that MetLife later admitted was

17  for $500,000 in coverage.

18       29.   The Plan required payment of benefits within the jurisdiction of the

19  above-entitled Court for a total amount to be shown at the time of trial.

20       30.   The Plan was entered into within the jurisdiction of the above-entitled

21  Court.

22       31.   The Plan calls for performance within the jurisdiction of the above-

23  entitled Court.

24       32.   Plaintiff has pursued and exhausted all administrative appeals, which

25  the Plan and Defendant denied.

26

27

28

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90017
tel 213.624.2900
fax 213.624.2901

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90017
tel 213.624.2900
fax 213.624.2901

## FIRST CAUSE OF ACTION

### FOR BREACH OF PLAN AND RECOVERY OF PLAN BENEFITS

#### (Against All Defendants)

33.   The allegations contained in all previous paragraphs are incorporated herein by reference as though set forth in full.

34.   Plaintiff was employed by Providence.

35.   The life insurance Plan established by Providence was funded and administered by Defendant MetLife, Plan Number 121359.

36.   Plaintiff personally paid all premiums due for the coverage under the Plan.

37.   On or about August 15, 2013, Plaintiff completed and submitted to the Plan her benefit selections for 2013.  The form does not include a selection for the basic life insurance, only for the *supplemental* life insurance for which Plaintiff selected an additional $20,000 for herself and her spouse, Gary.  This document does not indicate the *total* amount of life insurance for the employee or his or her spouse.

38.   The Plan and MetLife began deducting from Plaintiff's check premiums for $500,000 in total life coverage for Gary at the rate of $2,015 per year.  Plaintiff called the Plan and Defendants and asked if she could reduce her coverage on Gary from $500,000 down to $250,000.  The Plan and Defendants told Plaintiff that she could not alter the amount of coverage until the next enrollment period in August 2014.

39.   On or about January 10, 2014, Plaintiff's husband Gary died.  The Los Angeles County Coroner listed the cause of death as "hypertensive heart disease."  Neither Defendants nor the Plan ever notified Plaintiff prior to Gary's death that the coverage for Gary was anything other than $500,000 or that any further information was needed from Plaintiff or Gary.

40.   On or about January 15, 2014, the Plan wrote to Plaintiff stating that

there was $250,000 in coverage on the life of Gary.

41.   On or about January 15, 2014, the Plan acknowledged notice of the claim for the death of Gary.

42.   On or about February 14, 2014, MetLife wrote to Plaintiff, advising that $25,327.00 had been paid as a death benefit into a MetLife account.

43.   On or about February 27, 2014, Plaintiff's counsel wrote to Defendants regarding the claim.

44.   On or about April 22, 2014, Medora Marisseau on behalf of MetLife wrote that Plaintiff had selected $250,000 in life insurance coverage for Gary for 2014, but that $500,000 in life insurance had been issued to Gary and that premiums for that amount had been charged to Plaintiff.   No premiums were refunded prior to Gary's death.   Marisseau stated that MetLife would only pay $20,000 in death benefits.   Despite ERISA's regulations to the contrary, Marisseau did not provide the required deadline for appealing this decision.

45.   On or about April 23, 2014, Plaintiff submitted the claim form to MetLife.

46.   On or about July 15, 2014, Plaintiff appealed the denial of the claim. Plaintiff explained that she sought payment of her life insurance claim against MetLife in the amount of $500,000 for the death of her husband.   Plaintiff was charged premiums commensurate with this level of coverage. Plaintiff had originally planned to have a lower amount of coverage, so she called the company to see if she could reduce her coverage from $500,00 to $250,000 on her husband. When she called, she was told that she had to wait until the next open enrollment to alter her coverage from the $500,000 death benefit.   Her husband died before the next open enrollment.   Plaintiff never received a copy of the policy, certificate of coverage, or summary plan description.

47.   Neither MetLife nor the Plan ever asked for any additional information regarding the coverage on Gary until after his death.

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90017
tel 213.624.2900
fax 213.624.2901

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90017
tel 213.624.2900
fax 213.624.2901

1
2
3
4
5
6

48.   On or about August 1, 2014, MetLife wrote to Plaintiff's counsel that MetLife did issue $500,000 in life insurance to Gary and that "it appears that Ms. Salyers did detrimentally rely on having Dependent Life Insurance greater than $30,000." MetLife then stated that MetLife had paid $30,000 on the claim even though only $25,327 had been paid. MetLife stated that an appeal could be filed within 60 days.

7
8

49.   On or about August 12, 2014, Plaintiff appealed the denial, referencing the July 15, 2014, letter.

9
10
11
12
13

50.   On or about August 22, 2014, Tim Copperwheat of MetLife wrote to Plaintiff's counsel that MetLife did issue $500,000 in life insurance to Gary and that "it appears that Ms. Salyers did detrimentally rely on having Dependent Life Insurance greater than $30,000." He then stated that MetLife had paid $30,000 on the claim even though only $25,327 had been paid.

14
15
16
17

51.   Defendants failed at any time prior to the loss to communicate to Plaintiff that the $500,000 had not been issued, that an additional form or application would need to be completed, or that any further documentation would be required from Plaintiff.

18
19
20

52.   At all relevant times, Plaintiff received a paycheck that showed a deduction for the life insurance coverage at a rate that MetLife later admitted was for $500,000 in coverage.

21
22

53.   The Plan required payment of benefits within the jurisdiction of the above-entitled Court for a total amount to be shown at the time of trial.

23
24

54.   The Plan was entered into within the jurisdiction of the above-entitled Court.

25
26

55.   The Plan calls for performance within the jurisdiction of the above-entitled Court.

27
28

56.   Plaintiff has pursued and exhausted all administrative appeals, which the Plan and Defendant denied.

1    57.   As a direct and proximate result of Defendants' refusal to honor the

2    terms of the Plan, Plaintiff has suffered contractual damages under the and other

3    incidental damages and out-of-pocket expenses, including attorney fees and costs,

4    all in a sum to be determined at the time of trial.

5

6                              **PRAYER FOR RELIEF**

7          WHEREFORE, Plaintiff prays for judgment as follows:

8          1.    For benefits payable under the Plan to reimburse Plaintiff, a

9    beneficiary and participant of the Plan, less amounts previously paid, plus interest;

10         2.    For reasonable attorneys' fees and costs pursuant to 29 U.S.C. §

11   1132(g)(1);

12         3.    For pre-judgment interest at the appropriate rate; and

13         4.    For such other relief as the court deems appropriate.

14

15

16   Dated: September 25, 2014        LAW OFFICES OF CHRISTIAN J. GARRIS

17

18                                    By:_____

19                                         Christian J. Garris, Esq.

                                       Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90017
tel 213.624.2900
fax 213.624.2901

**Complaint**